# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

ERVIN HOWARD,
          Appellant,

      v.

DEPARTMENT OF VETERANS
    AFFAIRS,
          Agency.

DOCKET NUMBER
CH-0752-17-0175-I-1

DATE: November 16, 2022

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Ervin Howard, Hillsboro, Ohio, pro se.

Nicholas E. Kennedy, Esquire, Akron, Ohio, for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed his involuntary resignation claim for lack of jurisdiction. For the following reasons, we VACATE the initial decision and DISMISS the appeal as untimely filed with no good cause shown for the delay.

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

## BACKGROUND

¶2    The agency instructed the appellant to report for a reasonable suspicion drug test, and he was unable to produce a urine specimen, allegedly due to "shy bladder." Initial Appeal File (IAF), Tab 14 at 23-24. The agency, in keeping with its shy bladder protocol, provided him with an appropriate amount of water to drink, but the appellant was still unable to produce a specimen. IAF, Tab 13, Tab 14 at 23-24. The agency alleged that it unsuccessfully attempted to schedule another opportunity for the appellant to provide a specimen and, because he failed to do so, the agency issued a notice of proposed removal on the charge of refusal to take a drug test. IAF, Tab 13, Subtabs 1, 8, 12. After considering the appellant's oral and written responses, the deciding official issued a decision removing the appellant effective November 17, 2016. *Id.*, Subtab 13. The letter advised the appellant of his right to file an appeal with the Board. *Id.*

¶3    The appellant filed this appeal on January 23, 2017. IAF, Tab 1. In addition to the acknowledgment order, the administrative judge issued separate notices apprising the appellant of the burdens and elements of establishing an involuntary resignation[2] and for showing that his appeal was either timely filed or that good cause existed for the delay. IAF, Tabs 2-4. The agency responded on the timeliness issue, and, when the administrative judge ordered it to respond to her jurisdictional order on the involuntary resignation issue, the agency declined to do so, asserting that it had removed the appellant pursuant to its November 14, 2016 decision letter. IAF, Tabs 6, 10, 12, Tab 13, Subtab 13. In his sole response, the appellant did not claim that he resigned and instead asserted that the agency removed him effective November 17, 2016. IAF, Tab 14 at 3. He also addressed the merits of the removal action but did not address the apparent untimeliness of his appeal. *Id.* at 3-4. He included numerous documents

[2] Although the appellant never alleged that he resigned involuntarily, part E of the Standard Form 52 included with his initial appeal indicated that he may have resigned several days before the agency effected his removal. IAF, Tab 14 at 26.

concerning the merits of his appeal, none of which address the timeliness issue. *Id.* at 5-37.

¶4    Without holding a hearing, the administrative judge issued an initial decision that dismissed the appeal for lack of jurisdiction, finding that the appellant failed to make a nonfrivolous allegation that his resignation was involuntary.  IAF, Tab 17, Initial Decision at 6.  In his timely filed petition for review, the appellant asserts that the agency "messed up" his paperwork, and he insists that he did not resign to avoid termination.  Petition for Review File, Tab 1 at 4.  In that regard, he provides corrected paperwork, which indicates that the agency removed him effective November 17, 2016.  *Id.* at 5-8.  He reiterates his argument that he could not produce a urine sample due to medical issues.  *Id.* at 4, 9.  The agency did not respond.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶5    Although the administrative judge deemed this an involuntary resignation appeal, as noted above, neither of the parties argue that this is true.  Given the appellant's insistence that he did not resign, this is an appeal of the agency's action removing him for his alleged refusal to take a reasonable suspicion drug test.  IAF, Tab 13, Subtabs 12-13.  The record reflects that the agency effected the appellant's removal on November 17, 2016.  *Id.*, Subtab 13.  The appellant electronically filed his appeal to the Board 68 days later, on January 23, 2017. IAF, Tab 1.

¶6    Generally, an appeal must be filed no later than 30 days after the effective date, if any, of the action being appealed, or 30 days after the date of receipt of the agency's decision, whichever is later.  5 C.F.R. § 1201.22(b)(1).  Thus, the appellant filed his appeal 38 days late.  The Board will dismiss an appeal not filed within the time limit unless the appellant establishes good cause for the delay in filing.  5 C.F.R. § 1201.22(c).  The appellant bears the burden of proof on the issue of the timeliness of his appeal.  5 C.F.R. § 1201.56(b)(2)(i)(B).

¶7        Good cause for a delay in filing exists when the appellant shows that he exercised due diligence or ordinary prudence under the particular circumstances of the case.  *Alonzo v. Department of the Air Force*, 4 M.S.P.R. 180, 184 (1980).  In making this determination, the Board will consider the length of the delay, the reasonableness of the excuse, whether the appellant is pro se, and whether he has presented evidence of circumstances beyond his control that affected his ability to comply with the time limits.  *McClendon v. Office of Personnel Management*, 92 M.S.P.R. 250, ¶ 8 (2002); *see Moorman v. Department of the Army*, 68 M.S.P.R. 60, 62-63 (1995), *aff'd*, 79 F.3d 1167 (Fed. Cir. 1996); *Alonzo*, 4 M.S.P.R. at 184.  If the appellant asserts that there was good cause for his delay because a medical condition affected or impaired his ability to file a timely appeal, then he must identify the time period during which he suffered from an illness; submit medical evidence showing that he suffered from the illness during that time period; and explain how the illness prevented him from timely filing the appeal.  *Lacy v. Department of the Navy*, 78 M.S.P.R. 434, 437 (1998).

¶8        Although the appellant is proceeding pro se, no matter how minimal the delay, the Board will not waive its regulatory filing deadline when a good reason for the delay is not shown.  *E.g.*, *Cabarloc v. Department of Veterans Affairs*, 112 M.S.P.R. 453, ¶ 10 (2009).  As noted above, the administrative judge gave the appellant ample notice of his burden on the issue of timeliness, IAF, Tab 4, and the agency provided additional notice when it argued that the appeal should be dismissed as untimely filed, IAF, Tab 6, but the appellant failed to address the timeliness issue in any of his submissions below or on review.  Thus, the undisputed facts of this case demonstrate that the appeal was untimely without good cause shown for the delay, and the appellant was not entitled to his requested hearing.  IAF, Tab 1 at 2; *see Persons v. U.S. Postal Service*, 75 M.S.P.R. 428, 433 (1997) (dismissing the appeal as untimely filed without good cause shown because the appellant failed to submit sufficient evidence to raise a nonfrivolous allegation on the factual issues affecting timeliness).

¶9      Because this is a straightforward removal appeal, and the appellant does not claim an involuntary resignation, our timeliness analysis does not require us to determine whether the agency took an appealable action, and we find that the issues of timeliness and jurisdiction in this case are not "inextricably intertwined." *Dancy-Butler v. Department of the Treasury*, 80 M.S.P.R. 421, ¶ 8 (1998) (finding that only when jurisdiction and timeliness are inextricably intertwined, e.g., a case involving an alleged involuntary or constructive action, must a jurisdictional finding be made before an appeal may be dismissed as untimely).  Therefore, we need not first decide an issue of jurisdiction here, and we vacate the initial decision with respect to the jurisdictional analysis.  *See Hanna v. U.S. Postal Service*, 101 M.S.P.R. 461, ¶¶ 4, 6 (2006)

¶10      Accordingly, we vacate the initial decision and dismiss the appeal as untimely filed with no good cause shown for the delay.  This is the Board's final decision in this matter.  5 C.F.R. § 1201.113.

## NOTICE OF APPEAL RIGHTS[3]

You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

(1) **Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4] The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(B).

---

[4] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                          /s/ for
                                  Jennifer Everling
                                  Acting Clerk of the Board

Washington, D.C.